IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RANDALL NELSON, DEBORAH NELSON, WASHINGTON COUNTY TREASURER, TWO RIVERS STATE BANK, and EASTON INVESTMENTS, LLC,<br><br>Defendants. | ) | 4:13CV3095<br><br>MEMORANDUM AND ORDER ON DEFENDANTS' OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDTION |

Now before me are Randall C. Nelson's and Deborah H. Nelson's (collectively, "the Nelsons") objections to United States Magistrate Judge Cheryl R. Zwart's recommendation that a default and/or default judgment be entered against them. (ECF Nos. 33-34.) I have conducted a de novo review of the portions of the magistrate judge's recommendation that are subject to the Nelsons' objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The magistrate judge's recommendation is well-taken; nevertheless the Nelsons' objections will be sustained, and neither a default nor a default judgment will be entered at this time. The United States' request for a scheduling order will be granted in part. (ECF No. 35.)

## I. BACKGROUND

On May 6, 2013, the United States filed a three-count complaint against the

Nelsons, the Washington County Treasurer, and Two Rivers State Bank. (ECF No. 1.) The United States seeks a money judgment against the Nelsons in an amount equal to the sum of their allegedly unpaid federal taxes, plus penalties and interest. (Id. at 8.) It also seeks a declaration stating that "the federal tax liens described [in the complaint] are valid and subsisting liens" upon certain property owned by the Nelsons, "and that these tax liens attach to the [p]roperty and may be foreclosed upon." (Id.) In addition, the United States seeks an order 1) directing that the federal tax liens on the property be foreclosed and that the property be sold; 2) specifying the rights of the parties to the proceeds of the sale; 3) establishing the relative priorities of the parties' claims to the proceeds; and 4) directing that the proceeds of the sale be disbursed accordingly. (Id.)

The Washington County Treasurer filed an answer to the complaint on June 7, 2013, (ECF No. 7), and Two Rivers State Bank filed its answer on August 6, 2013, (ECF No. 15). The Nelsons, through counsel, filed their answer to the complaint on August 5, 2013. (ECF No. 12.) On August 7, 2013, the magistrate judge entered a scheduling order stating, among other things, that "[c]ounsel for the parties shall confer and, on or before September 9, 2013, they shall jointly file a Form 35 (Rule 26(f)) Report." (ECF No. 16 (emphasis omitted).)

On September 6, 2013, the Nelsons' attorney filed a motion to withdraw, (ECF No. 18), and a motion for an extension of time to file the joint report, (ECF No. 19). The latter motion states that "[t]he Nelsons intend to engage new counsel," and they "intend for their new counsel to complete and file the joint planning report." (ECF No. 19.)

On September 13, 2013, the magistrate judge granted counsel's motion to withdraw and entered an order stating, "On or before September 30, 2013, defendants

Randall C. Nelson and Deborah H. Nelson shall either: (a) obtain the services of counsel and have that attorney file an appearance in this case; or (b) file a statement notifying the court of their intent to litigate this case without the assistance of counsel. The failure to do so may result in an entry of default and/or default judgment against them." (ECF No. 23.) The deadline for completing the Rule 26 report was extended to October 11, 2013. (ECF No. 20.)

The United States amended its complaint on September 16, 2013. (ECF Nos. 24-26.) The amended complaint names Easton Investments, LLC, as an additional defendant, and it adds a demand that "any party claiming an interest in the [Nelsons'] Property superior to the federal tax liens . . . demonstrate that interest, including the amount of its interest." (Am. Compl. at 1, 8, ECF No. 26.) In other respects, the amended complaint is substantially similar to the original complaint. (See Mot. to Amend Compl. ¶ 6, ECF No. 24. See also id., Ex. 1, ECF No. 24-1.)

In a memorandum and order dated October 10, 2013, the magistrate judge noted that the Nelsons had neither arranged to have an attorney enter an appearance in this case nor filed a statement indicating that they intended to proceed without the assistance of counsel. (ECF No. 31.) She gave the Nelsons "until October 24, 2013 to show cause why the court should not enter a default and/or default judgment against them without further notice," and she stayed the case pending further order. (Id.)

On October 28, 2013, the magistrate judge recommended that due to the Nelsons' failure to respond to her orders of September 13, 2013, and October 10, 2013, a default and/or default judgment should be entered against them without further notice. (ECF No. 33.)

The Nelsons filed an "Answer and Objection for Findings and

Recommendation" on November 5, 2013. (ECF No. 34.) The Nelsons state that they object to a default judgment; that they are representing themselves in this action; that they are each suffering from "[m]edical hardships"; that they failed to respond to the magistrate judge's order of October 10, 2013, because they mistakenly believed that a hearing would be scheduled for October 24, 2013; that the amounts sought by the government are in dispute; and that they hope to reach an agreement to resolve this action. (ECF No. 34.) In response, the United States argues that due to the Nelsons' repeated failure to comply with the magistrate judge's orders, their objections should be overruled. (See generally ECF No. 35.) In the alternative, the United States argues that a scheduling order should be entered. (E.g., id. at 5.)

## II. ANALYSIS

Federal Rule of Civil Procedure 16(f)(1)(C) states that if a party or its attorney fails to obey a scheduling order or other pretrial order, "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)." Rule 37(b)(2)(A)(vi) specifically authorizes the court to enter "a default judgment against the disobedient party." Importantly, the Nelsons' pro se status does not excuse them from complying with the court's orders or with the Federal Rules of Civil Procedure. See, e.g., Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856-57 (8th Cir. 1996).

The record shows that the Nelsons have repeatedly ignored the magistrate judge's orders, and I find that the Nelsons' objections to the magistrate judge's findings and recommendation do not state an adequate justification for their conduct. Under the circumstances, it would be appropriate to enter the Nelsons' default.

It merits mention, however, that the Nelsons did retain counsel, file an answer

to the original complaint, and participate in a Rule 26(f) planning conference.[1] They also filed a timely objection to the magistrate judge's findings and recommendation. By taking these actions, the Nelsons have demonstrated a desire to defend against the action. See, e.g., Weitz Co. LLC v. MacKenzie House, LLC, 665 F.3d 970, 978 (8th Cir. 2012). This does not excuse their conduct, but it is relevant that the Nelsons have not avoided all participation in this litigation. Moreover, a default judgment is a disfavored, drastic sanction that should be limited to instances when parties engage in "willful violations of court rules, contumacious conduct, or intentional delays." Forsythe v. Hales, 255 F.3d 487, 490 (8th Cir. 2001) (quoting Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996)). I find that the Nelsons' conduct has not yet breached this threshold, and they have not yet caused a substantial delay in these proceedings. If, however, the Nelsons continue to ignore the court's orders, the court may infer that they are acting willfully, and a default judgment may be entered against them.

The United States recommends that if the magistrate judge's recommendation is not adopted, I should enter a scheduling order that formalizes the dates discussed during the parties' August 13, 2013, conference. (See Pl.'s Br. in Opp'n to Statement of Objections at 5 & n.4, ECF No. 35.) Because Easton Investments, LLC, did not participate in this conference, I am reluctant to grant the United States' request in its entirety. However, because a scheduling framework has been partly developed, it seems to me that it may be practical for the magistrate judge to enter a scheduling order after consulting with the parties' attorneys and the Nelsons by telephone. See Fed. R. Civ. P. 16(b)(1)(A)-(B). I shall leave it to the magistrate judge's discretion

---

[1] (See Pl.'s Br. in Opp'n to Statement of Objections at 5 n.4, ECF No. 35.)

whether to require the parties to confer and jointly file a Rule 26(f) report, or whether to implement the deadlines recommended by the United States.

The parties are therefore directed to arrange a telephonic conference with the magistrate judge for the purposes of advancing the progression of this case. To ensure that the case progresses promptly, this conference should be scheduled to occur within seven days of the date of this order. It bears repeating that if the Nelsons fail to cooperate in this effort or otherwise fail to comply with the court's orders, a default judgment may be entered against them without further warning.

I note in passing that the Nelsons' "Answer and Objection for Findings and Recommendation," (ECF No. 34), does not constitute a sufficient answer to the amended complaint under the Federal Rules of Civil Procedure. The Nelsons must file an answer to the amended complaint, or their default may be entered.

**IT IS ORDERED** that:

1. the Nelsons' objections to the magistrate judge's Findings and Recommendation, ECF No. 34, are sustained;

2. the magistrate judge's recommendation that a default or a default judgment be entered against the Nelsons, ECF No. 33, is rejected at this time;

3. the parties are directed to confer with one another and schedule a telephonic conference with the magistrate judge within seven days of the date of this order, or as soon as reasonably practicable.

Dated November 13, 2013.

BY THE COURT

Warren K. Urbom

Warren K. Urbom
United States Senior District Judge